FILED
SUPERIOR COURT
OF GUAM

2019 SEP -4 AM 10: 30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | Criminal Case No. CF0619-18 |
| vs. | |
| GERALD WAYNE CRUZ II, | **DECISION AND ORDER** |
| (aka Gerard Wayne Cruz, II) | Motion to Dismiss Superseding Indictment |
| DOB: 1/23/86        Defendant. | |

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo. The People are represented by Assistant Attorney General Jeremy S. Kemper. Defendant Gerald Wayne Cruz II ("Cruz") is represented by Attorney William Bischoff. Cruz is charged with two felony counts for shooting a neighbor's dog and a neighbor's cat. He moves to dismiss these charges on the basis that the Second Superseding Indictment fails to allege facts that would support the charges.

## BACKGROUND

On October 23, 2018, the Office of the Attorney General filed an Indictment against Cruz wherein the People charged Cruz with five counts of Animal Cruelty (as a Third Degree Felony) and one count of Unsworn Falsification (as a Misdemeanor). On November 9, 2018, Cruz filed a Motion to Dismiss. On December 13, 2018, the People filed a Superseding Indictment, charging Cruz with two counts of Animal Cruelty (as a Third Degree Felony) and one count of Unsworn Falsification (as a Misdemeanor). On December 27, 2018, Cruz filed a Motion to Dismiss Superseding Indictment. On February 11, 2019, the Court issued a Decision and Order which dismissed the two counts of Animal Cruelty (as a Third Degree Felony).

On July 1, 2019, the People filed a Second Superseding Indictment. On July 25, 2019, Cruz filed a Motion to Dismiss the Second Superseding Indictment. The People filed a Response on August 12, 2019, and Cruz filed his Reply on August 19, 2019.

## FACTS

1. Cruz is accused of shooting and killing a neighbor's cat in May 2018 and a neighbor's dog in September 2018.

2. The People initially charged Cruz with First Degree Animal Cruelty (As a Third Degree Felony) under 9 GCA § 70.10.1(a)(1), The Indictment alleged that Cruz intentionally, knowingly, or recklessly caused serious physical injury to the animals, cruelly caused their deaths, or tortured them. 9 GCA § 70.10.1(a)(1).

3. On February 11, 2019, the Court issued a Decision and Order in which the two counts of Animal Cruelty (As a Third Degree Felony) were dismissed because none of the alleged facts demonstrated that Cruz *cruelly* caused the deaths of the animals, as both were killed with a firearm.

4. On July 1, 2019, the People filed a Second Superseding Indictment, again charging Cruz with two counts of First Degree Animal Cruelty (As a Third Degree Felony), this time arguing that Cruz caused "serious physical injury to an animal" or "tortured an animal."

### a. <u>Motion to Dismiss</u>

An indictment is sufficient if "it contains the elements of the crime alleged." *Guam v. Jones*, 2006 Guam 13 ¶ 12. Further, "a well drafted indictment would clearly lay out all of the elements of the crime." *Id.* at ¶ 20.

Under Guam law, "[a] person commits the crime of animal abuse in the second degree if the person intentionally, knowingly or recklessly, except as otherwise authorized by law: kills, impounds or injures any animal belonging to another without legal authority or consent of the owner." 9 GCA § 70.10(a)(3). Animal abuse in the second degree is a misdemeanor. 9 GCA § 70.10(b). This offense clearly applies to the alleged facts in Cruz's case, yet was not charged here. The People instead charge Cruz with a felony. As currently charged, both counts of felony Animal Cruelty in the Second Superseding Indictment do not actually allege that Cruz killed the animals, but instead allege that Cruz "did intentionally, knowingly or recklessly cause

serious physical injury to an animal, or tortured an animal." There were no allegations that Cruz tortured the animals, so the People's theory of felony animal abuse rests on Cruz's alleged infliction of serious bodily injury on the animals. The People's interpretation of the Animal Cruelty statute is misplaced.

The Court has previously found that the alleged facts demonstrate that Cruz did not *cruelly* kill the animals, and the People now seek felony charges against Cruz based on the theory that he caused "serious physical injury" or "tortured" the animals. However, the People's interpretation of the Animal Abuse statute cannot withstand scrutiny. "Interpretations of statutes which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Toves v. Guam Mem'l Hosp. Auth.*, D.C. Civ. No. 86-0060A, 1987 WL 109896, at *2 (D. Guam App. Div. June 22, 1987). Analyzing the People's interpretation of 9 GCA § 70.10(a)(3), the misdemeanor offense would never be applicable because in every instance a person kills an animal, he or she also causes serious injury or tortures the animal. The People's theory that the Legislature enacted a law that would not be applicable in any possible scenario is untenable.

The Court holds that the "serious physical injury" theory of felony Animal Abuse is only applicable in cases where the animal survives its injuries. The People's interpretation leads to the absurd result of the felony Animal Abuse statute applying to all cases where an animal is killed. The statute defines "serious physical injury" as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, impairment of health or impairment to the function of a limb or bodily organ." 9 GCA § 70.01(h). The language used to define "serious physical injury" implies that it can only be applied in cases where the animal does not die, as evidenced by the phrases "substantial risk of death" and "protracted disfigurement," which have no applicability in animal abuse cases which result in death. In cases where the animal dies, the "serious physical injury" clause of the felony statute is inapplicable; the prosecution may either seek a misdemeanor charge based on the killing alone or may seek a felony charge in cases where the animal was *cruelly* killed or tortured.

The Court further notes that the "serious physical injury" phrase of the felony Animal Abuse section mirrors the "physical injury" clause of the misdemeanor Animal Abuse section, which states that it is a misdemeanor to "cause[] physical injury to an animal." *Compare* 9

GCA § 70.10.1(a)(1) *with* 9 GCA § 70.10(a)(1). The addition of the word "serious" in the felony statute differentiates the two offenses by severity, just as the word "cruelly" differentiates severity in cases where the animal is killed. The Court holds that the Legislature therefore intended to create two frameworks for punishing animal abuse; one for cases where the animal dies and another for cases where the animal survives. Because Cruz is accused of killing two animals, he must be charged under the framework for cases where the animals die. As for such cases, the Legislature intended to differentiate between cases where animals were killed (a misdemeanor offense) and cases where animals were *cruelly* killed (a felony offense). In the present case, the alleged facts do not demonstrate that Cruz acted cruelly.

Neither the Attorney General's Office nor the Court has the authority to disregard the laws of Guam. Because Cruz has been charged improperly, the Court dismisses both counts of Animal Cruelty without prejudice.

**b.** **Motion to Sever Charges**

Cruz argues that the animal abuse charges cause an emotional response from jurors which will spill over to the charges of Unsworn Falsification and Unregistered Firearms. Given that the Court is dismissing the charges of animal abuse, there is no basis to sever charges at this time.

CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** Cruz's Motion to Dismiss. The Court further finds Cruz's Motion to Sever **MOOT**.

A Further Proceedings Hearing is set for this matter on September 5, 2019, at 1:30 pm.

SO ORDERED, this _____4_____ day of _____Sept_____ 2019.

SERVICE VIA COURT BOX.
I acknowledge that a copy of the original hereto was placed in the court box of:
_____AG i PDSC_____

Date: 9|4|19 Time: 10:30
_____
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam